UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PA

FILE: A90-654-069

IN THE MATTER OF:

AURELUS, JACQUES DIMANCHE

RESPONDENT

IN REMOVAL PROCEEDINGS

*Pro se*          ORDER OF THE IMMIGRATION JUDGE
                   WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of respondent pursuant to 8 CFR 236.1(c), and full consideration having been given to the representations of the Immigration and Naturalization Service and the respondent, it is hereby

_____ ORDERED that the request for a change in custody status be denied.

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

_____ released from custody under bond of $ 15,000.

_____ OTHER _____

Copy of this decision has been served on the respondent and the Service.

APPEAL: waived -- reserved      May 6, 02

YORK -- YORK COUNTY PRISON

Date:

_____
WALTER A. DURLING
Immigration Judge

4-4-02

KS

561

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PENNSYLVANIA

IN THE MATTER OF  Jacques Dimanche AURELUS
A #  90-654-069
DATE OF REDETERMINATION  4/4/02
DECISION  $15,000 bond

On Behalf of Respondent

On Behalf of Service

Pro Se

## BOND REDETERMINATION MEMORANDUM

In a recent decision by the United States Court of Appeals for the Third Circuit in Patel v. Zemski, 275 F.3d 299 (3rd Cir.), the court found that the mandatory custody rules set forth in section 236(c) of the Immigration and Naturalization Act were unconstitutional to the extent that aliens, and particularly lawful permanent residents, are not permitted to establish that they are not a flight risk or danger to the community. That is, even those aliens with a criminal record are entitled to a substantive bond hearing. Thus, all Board decisions relating to the mandatory custody provisions of section 236(c) have been effectively overruled by the Third Circuit.

I have duly considered the standard of review as set forth in Matter of Andrade, 19 I&N Dec. 488 (BIA 1987). In so doing, I have taken particular note of the Third Circuit's observation in Patel that "government detention violates substantive due process unless it is ordered in...special and narrow non-punitive circumstances...where a special justification...outweighs the individual's constitutionally protected interest in avoiding physical restraint," citing Zadvydas v. Davis, 121 S.Ct. 2491 at 2499 (2001).

1. General Information
    Nativity  Haiti
    Citizenship  Haiti
    Age  48
    Lawful permanent resident?  Yes since 1969
    Other lawful entry?

2. Factors indicating dangerousness
   ✓ a. Criminal conviction
       ✓ i. Referenced in Order to Show Cause or Notice to Appear
           a. Sentence_____
           b. Time served_____
           c. Comments_____
               - used false passport claiming to be USC
               - vio. g probation pending
       ___ ii. Other (Specify)_____
               - 4 simple assaults in NJ — no dispomancy
               g them)
               /— 12-98 ag. assault — 3 yr probation
   ✓ b. Nature of offense indicates propensity for violence
   ___ c. Restraining order
   ___ d. Other (Specify)_____

3. Factors relevant to risk of flight from further proceedings:
   ✓ a. Family ties to United States citizens
       ___Father  ___Mother  ___Spouse  4 Children  ___Siblings  ___Grandparents
       ___Aunts, Uncles, Cousins  ___Other (Specify)_____
       Comments:_____

   ___ b. Family ties to Legal Permanent Residents
       ___Father  ___Mother  ___Spouse  ___Children  ___Siblings  ___Grandparents
       ___Aunts, Uncles, Cousins  ___Other (Specify)_____
       Comments:_____

   ✓ c. Employment history            /welder
       Occupation (primary) taxi dispatcher (secondary) stock person
       Current employer_____
       Approximate length of time with current employer_____
       Previous employer_____
   ___ d. Past immigration violations
       ___Came into the United States without inspection or admission
       ___Visa overstay
       ___Previously excluded, deported, or removed
       ___Other (Specify)_____
   ___ e. Prior record at criminal or immigration proceedings
       ___Criminal proceedings
           ___Bench warrant(s) issued
           ___Contempt citations
           ___Probation or parole violations
           ___Other (Specify)_____

    ___Immigration proceedings
        ___In absentia order
        ___Failure to depart after ordered deported or removed
        ___Other (Specify)_____
___f. Nature of criminal and/or immigration violations demonstrates
    ___Deceitful character
    ___Lack of respect for authority
    ___Other (Specify)_____
___g. Already under supervision of state or federal authority
    ___Probation
    ___Parole
    ___Other (Specify)_____
_✓_h. Apparent eligibility for relief from removal
    _✓_Cancellation of removal or suspension of deportation
    ___Adjustment of status
    ___Asylum, Withholding of Removal, or Convention against Torture
    ___None
    ___Other (Specify)_____

4. Additional Comments

- has 10 children (some in US, some in Haiti)
* 242A granted by IJ - INS appeal pending - 3-8-02

___Accordingly, based on the above noted factors, the Court finds that the Respondent presents a threat to the community or a significant flight risk and should be **detained** in the custody of the Immigration and Naturalization Service **without bond**.

_✓_Accordingly, based on the above noted factors, the Court finds that the Respondent presents a risk of flight and that a bond in the amount of **$15,000** is necessary to ensure the Respondent's presence at further immigration proceedings.

_____        _6-21-02_
      Immigration Judge                      Date